UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH J. KRETSCHMER,

    Plaintiff,

CASE NO.: 3:16-CV-174-J-25PDB

vs.

SUNTRUST BANKS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, KENNETH J. KRETSCHMER, by and through undersigned counsel, sues the Defendant SUNTRUST BANKS, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### INTRODUCTION

2. The TCPA was enacted to prevent companies like SUNTRUST BANKS, INC., from invading American citizen's privacy and prevent abusive "robo-calls."

3. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls *"Mims v. Arrow Fin. Servs., LLC,* -US--, 132 S. Ct., 740, 745, 181, L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as "the *1256

1

scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night, they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option; telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Circ. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding fifteen thousand dollars ($15,000.00), exclusive of interest, attorney's fees and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 748 (2012) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1249 (11th Cir. 2014).

9.  Venue is proper in this District because the Plaintiff resides in this District (Duval County), the phone calls were received in this District and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides in this District.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant is a "person" as referenced by Florida Statute § 559.72. Defendant sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

16. Defendant, SUNTRUST BANKS, INC., is a corporation with its principal place of business at 303 Peachtree Street, N.E., 30th Floor, Atlanta, GA 30308, and conducting business in the State of Florida.

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida, by the Defendant's placing of illegal calls to Plaintiff in Duval County, Florida.

18. Defendant, at all material times, was attempting to collect on an consumer loan, (hereinafter the "subject account"), which was issued and serviced by Defendant.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number multiple times a day from approximately January 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C.§ 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that there was a pause before a live person came on the line.

21. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number was done after he had revoked consent and without the "prior expressed consent" of the Plaintiff.

22. Plaintiff is the regular user and carrier of the cellular telephone number 904-710-8489, and was the called party and recipient of Defendant's autodialer calls.

23. Plaintiff retained counsel on February 11, 2015 and from that day forward instructed all calls from the Defendant to cease. In subsequent calls from the Defendant, he explained to the Defendant's agent that he had an attorney, provided the attorney's name and address and demanded that the calls to him cease and revoked any pre-existing consent to call.

24. Since then, Plaintiff has told numerous representatives from Defendant to stop calling him but the calls have continued.

25. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond, when Plaintiff first advised Defendant to stop calling Plaintiff.

26. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising the Defendant to stop calling.

27. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

28. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

29. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

30. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

31. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

32. Due to Defendant's constant autodialer calls and demands for payment, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
## (Violation of the TCPA)

33. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-two (32) above as if fully stated herein.

34. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

35. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent.

36. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact him, and told Defendant to stop calling him.

37. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, punitive damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

38.  Plaintiff incorporates Paragraphs one (1) through thirty-two (32) above as if fully set forth herein.

39.  At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

40.  By continuing to contact the Plaintiff directly after being repeatedly on notice that he was represented by an attorney, the Defendant violated the Florida Consumer Collection Practices Act, specifically:

a. ... willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.  Florida Statute §559.72(7)

b. Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  Florida Statute §559.72(18)

41.  Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## **TRIAL BY JURY**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**MAX HUNTER STORY, P.A.**

__/s/ Max Story__
Max Story, Esquire
Florida Bar No. 0527238
328 2ND Avenue North
Jacksonville Beach, Florida 32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
Attorney for Plaintiff